# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    Plaintiff, | :<br>:<br>:<br>: |
| v. | :     CIVIL NO. L-04-3127 |
| WORTHINGTON, MORE & JACOBS, INC.<br>    Defendant. | :<br>:<br>:<br>: |

## MEMORANDUM

Now pending in this Title VII sexual harassment and retaliation suit are (i) Plaintiff United States Equal Employment Opportunity Commission's ("EEOC") motion to file a surreply, and (ii) Defendant Worthington, More, & Jacobs, Inc.'s ("WMJ" or "Defendant") motion to dismiss, or, in the alternative, for summary judgment. Because WMJ relies upon documents outside of the pleadings, the Court will treat WMJ's motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court will, by separate Order filed this date, (i) DENY the EEOC's motion to file a surreply, and (ii) DENY WITHOUT PREJUDICE WMJ's motion for summary judgment.

## I.    BACKGROUND

On September 30, 2004, the EEOC filed its Complaint in the instant action on behalf of Laura Thomas, Elizabeth Ford, Jill Hennen, Melanie Sandy, Nancy Guzman, Lynne Gears, Diana Bantom, and other female employees of WMJ. The Complaint alleges that WMJ violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by engaging in sexual harassment and

retaliation.

On February 9, 2005, WMJ filed a partial motion to dismiss, or, in the alternative, for summary judgment.  WMJ seeks summary judgment on the claims filed on behalf of Elizabeth Ford, Jill Hennen, and Melanie Sandy, arguing that they are untimely.  WMJ points out that the EEOC initially dismissed the above individuals' charges in 2002, and they did not file suit within 90 days of receipt of their right to sue letters.  The EEOC counters that it reopened the charges of Ford, Hennen, and Sandy after it received other charges against WMJ, and that the claims are therefore valid.

On April 12, 2005, the EEOC moved to file a surreply to WMJ's motion to dismiss.  WMJ opposes the EEOC's request.

## II.   ANALYSIS

### A.   Motion to File Surreply

Further briefing on WMJ's motion to dismiss is not necessary.  The Court will consider the motion based upon the pleadings filed to date.  Accordingly, the Court hereby DENIES the EEOC's motion to file a surreply.  (Docket No. 14.)

### B.   Motion for Summary Judgment

WMJ's motion for summary judgment is premature.  Under the Court's scheduling procedure, dispositive motions are filed after the close of discovery.

In addition, resolution of the issues raised in WMJ's motion would not end the case.  There is no reason to decide this case in a piecemeal fashion.  Accordingly, WMJ's motion for summary judgment is DENIED WITHOUT PREJUDICE, subject to refiling at the close of discovery.  (Docket No. 6.)

**III.     CONCLUSION**

For the reasons stated herein, the Court will, by separate Order filed this date:

(i)    DENY the EEOC's motion to file a surreply (Docket No. 14); and

(ii)   DENY WITHOUT PREJUDICE Defendant's motion for summary judgment (Docket No. 6).  The parties may re-assert their arguments after the close of discovery.


Dated this __18th__ day of May, 2005.

~~~~~~~~~/s/~~~~~~~~~~~~~~~~~~
Benson Everett Legg
Chief Judge