THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., | Civil No. BEL-04-3127 |
| Plaintiffs, | |
| v. | |
| WORTHINGTON, MOORE, & JACOBS, INC., | |
| Defendant. | |

## REPORT AND RECOMMENDATION

The United States Equal Employment Opportunity Commission ("EEOC") has brought this action on behalf of seven female former employees of the commercial debt collection company, Worthington, Moore, & Jacobs ("WMJ"), and two of the former employees have intervened to file their own claims for damages. The EEOC and individual intervenors are referred to collectively as the "Claimants." Chief Judge Legg issued a default judgment against the defendant, Paper Nos. 150 & 160, and referred this case to me for the purpose of holding a hearing regarding damages, and to submit a report and recommendation regarding the damages that ought to be awarded. Paper No. 151. I issued a Letter Order dated April 15, 2009, Paper No. 156, setting forth how the hearing would be conducted, and in it directed the Claimants to serve WMJ with all submissions filed regarding the hearing, as well as provide WMJ with actual notice of the hearing date. Claimants have filed with the court evidence of having complied with the order to serve WMJ. Paper No. 161.

The hearing was held on June 18-19, 2009. WMJ did not appear. During the hearing, testimony was taken from each of the Claimants, and documentary evidence and legal memoranda

1

were received. At the conclusion of the hearing, I issued on the record my findings of fact and conclusions of law, which are incorporated herein by reference and attached to this Report and Recommendation as **Exhibit A**. For the detailed reasons stated on the record on June 19, 2009, I recommend that, following the time in which to file objections to this Report and Recommendation,[1] Chief Judge Legg issue a final judgment that awards the Claimants the following relief:

1. Claimant Jill Hennen Iovacchini: Back Pay[2] of $75,256.00; Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

2. Claimant Elizabeth Ford: Back Pay of $21,966.00; Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

3. Claimant Diana Bantom: Back Pay of $0.00 (none was sought on her behalf); Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

4. Claimant Lynne Geers: Back Pay of $17,734.00; Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

5. Claimant Melanie Sandy Goldsberry: Back Pay of $75, 042.00; Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

6. Claimant Laura Thomas: Back Pay of $114,737.00; Compensatory Damages and Punitive Damages totaling $50,000.00; post-judgment interest from the date of final judgment;

---

[1] Any objections to this Report and Recommendation must be filed within ten days after a copy of the proposed findings and recommendations is served on the party wishing to object. *See* 28 U.S.C. § 636(b)(1)(C) (2009); Fed. R. Civ. P. 72(b)(2); Local Rule 301.5.b.

[2] The amount recommended for back pay for each of the Claimants includes pre-judgment interest, as requested by the Claimants and included in the damages calculations of their expert witness, Amy McCarthy, PhD, whose report was admitted into evidence. Paper No. 165.

7. Claimant Nancy Guzman: Back Pay of $23,591.00; Compensatory Damages and Punitive damages totaling $50,000.00; post-judgment interest from the date of final judgment.

In addition, it is recommended that the Court grant non-monetary relief pursuant to Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1) (2009), as stated in the proposed order submitted by the EEOC, and attached as **Exhibit B** hereto, and incorporated herein by reference.

Finally, once the court has entered a final judgment, counsel for the Claimants may, within 30 days, submit a motion for attorneys' fees and costs, if any. **The Clerk of the Court is directed to serve each party electronically, and in addition, serve Defendant WMJ by regular mail.**

Respectfully Submitted,

_____/S/_____
Paul W. Grimm
United States Magistrate Judge