IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. Plaintiffs, | : : : : : | |
| v. | : : | CIVIL NO. L-04-3127 |
| WORTHINGTON, MOORE & JACOBS, INC. Defendant. | : : : | |

**MEMORANDUM**

This is a Title VII sexual harassment and retaliation suit brought by the Equal Employment Opportunity Commission ("the EEOC"), on behalf of seven former female employees, and two Plaintiff-Intervenors, against defendant Worthington, Moore, & Jacobs, Inc.'s ("WMJ"). On April 29, 2009 the Court entered a Default Judgment against WMJ due to the withdrawal of its counsel and its failure to prosecute. See Docket No. 160. Consequently, Chief Magistrate Judge Grimm conducted an evidentiary hearing with regard to the relief sought by the EEOC and Plaintiff-Intervenors Laura Thomas and Nancy Guzman on June 18 and 19, 2009. See Docket Nos. 176 and 177. No representative from WMJ attended the hearing. On July 1, 2009, Judge Grimm issued a Report and Recommendation regarding the damages that should be awarded and the Court's findings of fact. Docket No. 179.

The Report and Recommendation provides that any objections must be filed within ten days after a copy of the proposed findings and recommendations was served on the party wishing to object. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Local Rule 301.5.b.

By letter dated July 8, 2009, WMJ's Chief Executive Officer, David Caprario, objected to the Court's entry of judgment in this matter. Docket No. 181. In his letter, Mr. Caprario offers a second-hand account of a conversation between two former employees of WMJ, the content of which suggested that the sexual harassment claims of the EEOC claimants were fabricated. Based on this account, Mr. Caprario now asks for dismissal of the EEOC class claims against WMJ. On July 10, 2009, the EEOC moved to strike Mr. Caprario's letter pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. See Docket No. 182.

The Court notes that Mr. Caprario's objections are not cognizable under the Federal Rules of Civil Procedure or the Local Rules of this Court. As a preliminary matter, the Court may not consider Mr. Caprario's letter because, pursuant Local Rule 101.1.a, a corporation may not represent itself through the auspices of its officers or directors. See Jones v. DaCosta, 930 F. Supp. 223, 224 (D. Md. 1996). Accordingly, the Court will not receive or consider Mr. Caprario's objections. The EEOC's Motion to Strike will be DENIED, therefore, as moot. Docket No. 182.

Even if the Court were to receive Mr. Caprario's letter, his objections provide no grounds for disclaiming Judge Grimm's carefully-reasoned Report and Recommendation. Rule 72(b)(3) of the Federal Rules of Civil Procedure provides that the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Wimmer v. Cook, 774 F.2d 68, 75 (4th Cir. 1985). The basis for Mr. Caprario's objection to the entry of judgment against WMJ is the unsubstantiated, hearsay statement of a former employee. Mr. Caprario's letter, however, does not alter Judge Grimm's finding that throughout the relevant period, WMJ had "no effective

sexual harassment reporting mechanism."  Docket No. 179, Report and Recommendation p. 3.  Moreover, the Report and Recommendation details in full several examples of WMJ's "reckless indifference" to reports of sexual harassment, which supports Judge Grimm's recommendation that punitive damages be awarded.  Id. pp. 5-6.  The findings of fact established during the hearing provide a comprehensive record of WMJ's pattern of sexual harassment discrimination effectuated mainly through the actions of Mr. Sam Muffoletto and the indifference of Mr. Caprario as CEO.  The hearing transcript provides a painstaking review of the factual underpinnings of the case traversing 37 pages.  The Court finds, therefore, that Judge Grimm's findings are reasonable and supported by the evidence.  Accordingly, the Court will hereby ADOPT and APPROVE Judge Grimm's Report and Recommendation.  Docket No. 179.  A separate Order follows.


Dated this 21st day of July, 2009.

                                                         _____/s/_____
                                                         Benson Everett Legg
                                                         Chief Judge